The CHIEF JUSTICE,
with whom concurred Mr. Justice DAVIS, dissenting.
I cannot concur in the. judgment wüich has just been announced. A State has the right to exclude, foreign insurance'companies from the transaction of business within its jurisdiction. Such is the settled law in this court.* The right to impose' conditions upon admission follows, as a nec *459 essary consequence, from the right to exclude altogether. The State of Wisconsin has made it a condition of admission that the- company shall submit to be sued in the courts she has provided for the settlement of the rights of her own citizens.- That is no more than saying that the foreign company must,'for the purposes of ail litigation growing out of the business transacted there, renounce its foreign citizenship and become pro tanto a citizen of that State. There is no hardship in this, for it imposes no greater burden than rests upon home companies and home insurers. •
This insurance company accepted, this condition, and was thus enabled to make the contract sued upon. Having received the benefits of its renunciation the revocation comes too late.
The State court had jurisdiction to try the question of citizenship upon the petition to transfer. Upon the facts I think it was authorized to find that the company was, for all the purposes of that action, a citizen of Wisconsin, and-refuse the order of removal.

 Paul v. Virginia,8 Wallace, 181; Ducat v. Chicago, 10 Id. 410; Bank of Augusta v. Earle, 13 Peters, 586.